# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 04-2005

SKYLINK TECHNOLOGIES, INC.,

*Plaintiff-Appellant,*

v.

ASSURANCE COMPANY OF AMERICA,

*Defendant-Appellee.*

_____

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 03 C 1735—**Michael T. Mason**, *Magistrate Judge.*

_____

ARGUED NOVEMBER 29, 2004—DECIDED MARCH 11, 2005

_____

Before KANNE, EVANS, and SYKES, *Circuit Judges.*

EVANS, *Circuit Judge.* Skylink Technologies, Inc. sued its
insurer, Assurance Company of America, claiming that
Assurance was contractually obligated to defend Skylink in
a pair of suits filed by Skylink's competitor, The Chamber-
lain Group, Inc. The district court (Magistrate Judge
Michael T. Mason sitting by consent), applying Illinois law,[1]

_____

[1] Although Assurance makes an argument in favor of California
law, it also admits that there might not be a conflict between
Illinois and California law. Thus, we agree with the district court's

(continued...)

denied Skylink's motion for summary judgment and granted Assurance's. Skylink appealed. We review *de novo, see Allstate Ins. Co. v. Keca*, 368 F.3d 793, 797 (7th Cir. 2004), and we must construe the underlying complaint liberally, resolving all doubts in Skylink's favor. *United States Fire Ins. Co. v. Aetna Life & Cas.*, 684 N.E.2d 956, 961 (Ill. App. Ct. 1997).

Skylink sells universal transmitters and keypads that operate several brands of garage door openers, including those made by Chamberlain. Most garage door openers send a single code from the transmitter to the receiver. But Chamberlain's openers use a "rolling code" technology that changes the transmitted code every time the door is opened in an attempt to thwart would-be burglars and other miscreants who can steal a single code in order to gain unauthorized access to the garage. Chamberlain secured a copyright for the computer software it developed in creating that protection.

Skylink sells a transmitter and keypad that can be used to open garage doors outfitted with Chamberlain's rolling code technology, but the code does not change when the door is opened with Skylink's products, thus negating Chamberlain's security feature. As a result, Chamberlain sued Skylink in both American and Canadian courts, claiming that Skylink's advertisements are false or misleading because Skylink's transmitters are not actually "compatible" with Chamberlain's rolling code technology, as claimed on the packaging of the Skylink products. Chamberlain also claimed Skylink infringed on Chamberlain's copyright by selling a product designed to get around the rolling code technology.

---

[1] (...continued)
application of Illinois law. *See Massachusetts Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998).

Skylink contends those suits triggered Assurance's obligation to defend Skylink set out in policies it bought from 1999 to 2002. Those policies included commercial general liability and commercial umbrella coverage that obligated Assurance to defend Skylink against any suit seeking damages for "advertising injury," defined as an injury arising out of one or more of the following offenses:

A) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

B) Oral or written publication of material that violates a person's right of privacy;

C) Misappropriation of advertising ideas or style of doing business; or

D) Infringement of copyright, title or slogan.

The definition included in the commercial umbrella coverage also covers use of "another's advertising idea in your 'advertisement.'" Significantly, however, both the commercial umbrella and general liability provisions explicitly exclude coverage for "'[a]dvertising injury' . . . [a]rising out of the failure of goods, products, or services to conform with any statement of quality or performance made in your 'advertisement.'"

Skylink first claims that Chamberlain's suit alleges disparagement through Skylink's promotion of its products as "compatible" with Chamberlain's rolling code technology. Although a Skylink transmitter could be used to open a door that has the rolling code technology, Chamberlain argued that Skylink's transmitters were not actually compatible with the rolling code technology because the Skylink transmitter disables the rolling code feature, instead using the same code every time to open the garage door. Thus, as framed by Skylink, Chamberlain claims that customers who

thought the Skylink transmitter to be fully "compatible" would unknowingly disable the rolling code technology and would blame Chamberlain for any product failure that occurred, thus diminishing Chamberlain's reputation. What Skylink is really saying, however, is that Chamberlain is complaining that Skylink's products do not live up to the promise of compatibility or, put differently, that Skylink's products fail to conform with the statement of performance on its package—an injury explicity excluded under the Skylink-Assurance contract.

Noting that Webster's defines "disparage" as both "to lower in esteem or reputation" and "to discredit or bring reproach upon by comparing with something inferior," Skylink also contends that Chamberlain complained that Skylink's packaging amounted to a "false comparison" between Chamberlain and Skylink.

Skylink notes that some courts have found disparagement resulting from false comparisons, *see, e.g.*, *McNeilab, Inc. v. Am. Home Prods. Corp.*, 848 F.2d 34, 38 (2nd Cir. 1988). But Skylink's statement on its packages that its products were compatible with Chamberlain's rolling code technology was not really a comparison. In a clear case of disparagement resulting from a false comparison—imagine Skylink ran a series of print ads that said "Burglars prefer Chamberlain transmitters"—the damage is done by the ad itself. That is, Chamberlain's reputation has been hurt as soon as a potential customer sees the ad. By contrast, Chamberlain's reputation would not be affected by a potential customer seeing the packaging for Skylink's Model 39 universal transmitter or Model 89 keypad, which said only that the product was compatible with Chamberlain's rolling code technology. Chamberlain's suit alleges damage to its reputation not because of Skylink's packaging but because the Skylink products did not utilize the rolling code technology. Thus, Chamberlain's suit does not allege disparagement.

Skylink next argues that Chamberlain's suits fall under the misappropriation clause of the insurance policy because the Skylink packaging mentions Chamberlain's "rolling code" technology and "SECURITY+." Skylink cites *American Simmental Ass'n v. Coregis Ins. Co.*, which defined "advertising idea" as "an idea for calling public attention to a product or business, especially by proclaiming desirable qualities so as to increase sales or patronage." 282 F.3d 582, 587 (8th Cir. 2002) (quoting *Advance Watch Co. v. Kemper Nat'l Ins. Co.*, 99 F.3d 795, 801 (6th Cir. 1996)). In that case, the Eighth Circuit, applying Montana law, found that the use of the word "fullblood" to describe bulls that actually had the blood of two breeds of cattle was an "unauthorized taking of advertising ideas." *Id.* at 587-88. Thus, Skylink argues, if we accept the Eighth Circuit's analysis, Assurance would be responsible for the defense of Skylink's use of the phrases "Rolling Code technology" and "SECURITY+." Again, however, Chamberlain's complaint is not the result of Skylink's use of its name or those phrases on Skylink's packaging, it's the fact that Skylink's products bypass the rolling code technology. The problem is not one of misappropriation but of a failure to live up to an advertised promise.

Lastly, Skylink contends that Chamberlain's copyright infringement claim constitutes an advertising injury. Skylink notes that Chamberlain alleged that Skylink violated 17 U.S.C. § 1201(a)(2), complaining that:

> Skylink has made, imported, offered to the public, provided and otherwise trafficked in a Model 39 universal transmitter and a Model 89 keypad that (a) are designed or produced for the purpose of circumventing the technological measure; (b) have no commercially significant purpose or use other than to circumvent the technological measure; and (c) are marketed by Skylink for use in circumventing the technological measure, in violation of 17 U.S.C. § 1201(a).

As with the disparagement and misappropriation provisions, the real harm Chamberlain alleges results from the fact that the Skylink transmitter and keypad circumvent the rolling code technology, not from the way the products are packaged. Again, Chamberlain does not object to Skylink's marketing of its products except to the extent that they claim to use the rolling code technology. It is that failure to use the technology, not the advertisement, that caused the alleged injury. Assurance thus has no duty to defend Skylink in the underlying actions, and the judgment of the district court is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*