2019 IL App (1st) 181909
No. 1-18-1909
Opinion filed June 20, 2019

FOURTH DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATES, as Successor by Merger to Chase Home Finance LLC, Successor by Merger to Illinois Chase Manhattan Mortgage Corporation, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| | ) | No. 2011 CH 21623 |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | The Honorable Gerald V. Cleary, Judge, presiding. |
| SHELDON V. JONES and ZATAUNIA TAITT, | ) ) ) | |
| Defendants | ) ) | |
| (Zataunia Taitt, | ) ) | |
| Defendant-Appellant). | ) | |

JUSTICE GORDON delivered the judgment of the court, with opinion.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**OPINION**

¶ 1        Eight years ago, on June 16, 2011, plaintiff, JPMorgan Chase Bank, National Association (Chase), filed a complaint against defendants, Sheldon V. Jones and Zataunia Taitt, husband and wife, to foreclose a mortgage. On January 23, 2017, summary judgment

was granted in favor of Chase, and the trial court entered an order of judgment and foreclosure.

¶ 2 On this appeal, Taitt is the sole appellant, representing herself *pro se*; and she raises a number of claims including a lack of personal jurisdiction over her and a lack of standing by Chase. For the following reasons, we do not find her claims persuasive and affirm.

¶ 3 BACKGROUND

¶ 4 The subject property is an owner-occupied single-family home in Homewood, Illinois, which was mortgaged on June 23, 2001, by defendants Sheldon V. Jones and Zataunia Taitt, also known as Zataunia R. Jones. The original mortgagee was First Home Mortgage, with an address in Melville, New York, and it recorded the mortgage in Cook County on July 10, 2011. The original indebtedness was for $164,125.

¶ 5 On June 16, 2011, Chase filed a complaint alleging that defendants had not paid the monthly installments for November 1, 2009, through June 16, 2011, or almost two years, and that the balance then due was $156,978.09, plus interest. The June 23, 2001, mortgage and note, bearing the signatures of both defendants, was attached as an exhibit to Chase's complaint.

¶ 6 On July 15, 2011, Taitt, signing as "Zataunia R. Taitt-Jones" and acting *pro se*, filed an "Appearance and Jury Demand," with her home address given as the subject property. On the same day, the trial court also granted her application to proceed as an indigent person, without payment of fees, costs, or charges. In her application, she stated that she was 40 years old, that she had been unemployed since June 4, 2002, and that her last job was as a mail handler for the United States Post Office.

¶ 7    On August 10, 2011, Taitt filed a "Verified Answer to Complaint to Foreclose Mortgage." In the answer, she admitted, among other things, the date and original amount of the mortgage and that she and defendant Jones had executed the note and were the mortgagors. She stated that she had insufficient knowledge to admit or deny the paragraph in Chase's complaint that alleged "[m]ortgagors have not paid the monthly installments of principal, taxes, interest and insurance for 11/01/2009, through the present." Under "[o]ther affirmative matter" in her answer, she alleged: "No assignment is attached to the Complaint."

¶ 8    Chase later filed an "Assignment of Mortgage," dated August 29, 2001, in which First Home Mortgage assigned the mortgage on the subject property to Chase.

¶ 9    On September 2, 2011, Chase filed an affidavit from a process server, dated July 6, 2011, averring that he served defendant Taitt on June 18, 2011, by leaving a copy of the summons and complaint at the subject property with her son, who appeared to be age 25. The attached summons stated that it included: "Important Information for Homeowners in Foreclosure. How to Save Your Property—Please read—Do not ignore." The summons included a "Notice to Homeowners" that included information concerning "Free Help to Homeowners in Foreclosure." Chase's attorney also filed an "Affidavit to Allow Service by Publication," averring that, upon diligent inquiry, he could not ascertain the whereabouts of defendant Jones.

¶ 10    On July 11, 2014, an attorney filed an additional appearance on behalf of Taitt but moved to withdraw on October 23, 2015. In the motion to withdraw, he stated that he had filed an answer with defenses, discovery requests, and a reply to Chase's motion to strike Taitt's affirmative defense. The trial court's order, dated December 1, 2015, granted the attorney's motion to withdraw.

¶ 11          On January 29, 2016, Chase moved for judgment of foreclosure and later amended its foreclosure motion to add a motion for summary judgment. As part of its motion, Chase included a copy of the "Assignment of Mortgage," dated August 29, 2001, in which First Home Mortgage assigned the mortgage on the subject property to Chase. The trial court set a briefing schedule, which was extended several times, and Taitt filed a response on December 2, 2016.

¶ 12          On January 23, 2017, the trial court granted summary judgment to Chase and entered a judgment of foreclosure, as well as an order of default, against defendant Sheldon V. Jones. The appellate record contains several notices of sale, with proof of mailing. The notices were (1) filed March 13, 2017, for sale on April 25, 2017; (2) filed May 18, 2017, for sale on June 16, 2017; (3) filed February 23, 2018, for sale on March 26, 2018; and (4) filed May 8, 2018, for sale on June 7, 2018. For each notice, there is a form entitled "Proof of Mailing Notice of Sale," that states that the notice was served on Taitt at her address at the subject property "by depositing the same in the U.S. mail *** with the proper postage prepaid." The forms state that they were signed by an "office clerk," named Jon-nel Allen, under penalty of perjury. On June 5, 2018, Taitt filed a motion to stay the sale on June 7. On June 6, 2018, the trial court entered an order stating that "Defendant's motion is withdrawn as moot as judicial sale was continued to July 9, 2018." The June 6 order noted that "both parties appeared" in court.

¶ 13          On June 9, 2018, Taitt filed another motion to stay foreclosure, which stated that "[a] foreclosure sale of the property is scheduled for July 9, 2018." The motion stated that she was seeking to delay the sale because she had a sale contract for the property being sold, because she needed more time to explore her options and seek advice, and because she had not been served a notice of the sale. Taitt attached to her motion a handwritten letter from

herself in which she stated that she had entered into an " 'Offer to Purchase Real Estate,' " and that she had an offer to purchase the subject property for $77,000. Attached to her letter is a form entitled "Offer to Purchase Real Estate," signed by Malchom Taitt as the buyer and herself as the owner and seller. Her motion sought a hearing on July 10; and on July 10, the trial court entered an order denying her motion for a stay.

¶ 14     On July 16, 2018, Chase moved for an order approving the July 9 sale, which the trial court granted on August 6, 2018. The record does not indicate that Taitt opposed Chase's July 16, 2018, motion to approve the sale or the trial court's entry of its August 6, 2018, order approving it. The "Certificate of Sale," dated July 16, 2018, stated that "the property was offered for sale at a public auction" on July 9, 2018, at 10:30 a.m., that Chase "offered and bid" $142,350, and "that being the highest" bid, Chase sold the property to itself. On July 20, 2018, Chase moved for the entry of an order of possession and judgment against Taitt. Chase's motion noted that Taitt had the right to remain in possession for 30 days after the entry by the court of an order of possession. On August 6, 2018, the trial court entered an "*In Personam* deficiency judgment" against Taitt for $205,117, with interest, and an order of possession, and directed the sheriff to evict and dispossess Taitt "30 days after entry of this order."

¶ 15     On September 4, 2018, Taitt filed a notice of appeal, stating that she sought to appeal the trial court's orders entered on August 6, 2018, and January 23, 2017. On September 11, 2018, Taitt also moved for a stay, stating:

> "On August 06, 2018, Plaintiff [Chase] was granted motion for entry of an order
> of possession. Defendant, Zataunia Taitt, is asking the Court to stay the order of
> possession. Taitt is requesting to remain in possession of the property due to her

appeal [to the appellate court]. *** Defendant was not properly informed of the judicial sale and therefore appealed the court's decision of that sale."

¶ 16        On September 24, 2018, the trial court entered an order finding that Chase's "[p]ossession is stayed pending further order of Court." On October 16, 2018, the trial court ordered that:

> "(1) Taitt's motion for a stay of possession pending appeal is granted over Plaintiff [Chase]'s objection.
>
> (2) The stay of possession pending appeal is conditioned upon Ms. Taitt paying use and occupancy as bond, in the amount of $800.00 (eight hundred) on or before the first of each month beginning November 1, 2018. Such payment shall be made, with notice to Plaintiff [Chase], to the Clerk of the Circuit Court of Cook County, Illinois. Failure to make such payments may serve as grounds for lifting the stay. Payments shall be made during the pendency of appeal.
>
> (3) The Clerk of the Circuit Court of Cook County, Illinois, is ordered to hold such monies for the benefit of the prevailing party on appeal, and disposition of such funds is subject to further order of this Court."

¶ 17        This timely appeal followed.

¶ 18                                            ANALYSIS

¶ 19        Defendant Taitt makes a number of claims on this appeal, including that the trial court lacked personal jurisdiction over her and that Chase lacked standing. For the following reasons, we do not find her claims persuasive and affirm.

¶ 20        Section 2-1005 of the Code of Civil Procedure (Code) permits a trial court to grant summary judgment only "if the pleadings, depositions, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact." 735 ILCS 5/2-1005(c) (West 2016). Summary judgment is a drastic measure that should be granted only if the movant's right to judgment, as a matter of law, is clear and free from doubt. *A.M. Realty Western L.L.C. v. MSMC Realty, L.L.C.*, 2016 IL App (1st) 151087, ¶ 85; *Pekin Insurance Co. v. Roszak/ADC, LLC*, 402 Ill. App. 3d 1055, 1059 (2010); see also 735 ILCS 5/2-1005(c) (West 2016) (summary judgment may be granted only if "the moving party is entitled to a judgment as a matter of law"). In making this determination, the court must view the relevant documents in the light most favorable to the nonmoving party. *A.M. Realty*, 2016 IL App (1st) 151087, ¶ 85; *Pekin Insurance*, 402 Ill. App. 3d at 1058-59.

¶ 21    A party moving for summary judgment bears the initial burden of proof. *A.M. Realty*, 2016 IL App (1st) 151087, ¶ 86; *Erie Insurance Exchange v. Compeve Corp.*, 2015 IL App (1st) 142508, ¶ 15. The movant may meet its burden of proof either by affirmatively showing that some element of the case must be resolved in its favor or by establishing the absence of evidence to support the nonmovant's case. *A.M. Realty*, 2016 IL App (1st) 151087, ¶ 86; *Erie Insurance*, 2015 IL App (1st) 142508, ¶ 15. As for the nonmovant who is trying to withstand a summary judgment motion, she " ' "need not prove [her] case at this preliminary stage but must present some factual basis that would support [her] claim." ' "*A.M. Realty*, 2016 IL App (1st) 151087, ¶ 86 (quoting *Schrager v. North Community Bank*, 328 Ill. App. 3d 696, 708 (2002), quoting *Luu v. Kim*, 323 Ill. App. 3d 946, 952 (2001)).

¶ 22    Our review of a summary judgment decision requires no deference to the trial court. The standard of review is *de novo*. *A.M. Realty*, 2016 IL App (1st) 151087, ¶ 87; *Pekin Insurance*, 402 Ill. App. 3d at 1059. *De novo* consideration means that we perform the same

analysis that a trial judge would perform. *A.M. Realty*, 2016 IL App (1st) 151087, ¶ 87; *Erie Insurance*, 2015 IL App (1st) 142508, ¶ 14.

¶ 23        Taitt's brief to this court has seven separately numbered arguments, and we will address each argument in order.

¶ 24        Even keeping in mind that summary judgment is a drastic measure, we are unpersuaded by Taitt's first claim. Her first claim, that the court lacks personal jurisdiction over her, has no merit, in light of her filing of a general appearance on July 15, 2011, a verified answer on August 10, 2011, and numerous motions over the years.

¶ 25        In addition, her first claim is statutorily waived. Section 2-301 of the Code generally governs challenges to personal jurisdiction. *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 12; see 735 ILCS 5/2-301 (West 2016). Section 2-301, which applied back in 2011 when Chase started this proceeding, provides that, prior to the filing of any other pleading or motion, other than a motion seeking an extension of time, a party may object to the court's jurisdiction over his or her person, on the ground that the party is not amenable to process by a court of this State or on the grounds of insufficiency of process or service of process. 735 ILCS 5/2-301(a) (West 2010). If the objecting party files a responsive pleading, such as an answer, prior to the filing of a motion objecting to personal jurisdiction, process or service of process, that party waives all objections to the court's jurisdiction over the party's person. 735 ILCS 5/2-301(a-5) (West 2010). Thus, when Taitt filed her verified answer on August 12, 2011, the governing statute provided that she thereby waived her objections to personal jurisdiction, process, or service of process.

¶ 26        In 2011, our state legislature passed a new law governing objections to personal jurisdiction that applied specifically to residential foreclosure proceedings, such as the one at

bar. *GreenPoint*, 2014 IL App (1st) 132864, ¶ 14. Section 15-1505.6 of the Code (735 ILCS 5/15-1505.6 (West 2016)) became effective on August 12, 2011, two days *after* Taitt filed her verified answer, and provided that it took "effect upon becoming law." See Pub. Act 97-329, § 5 (eff. Aug. 12, 2011); *GreenPoint*, 2014 IL App (1st) 132864, ¶ 1 (section 15-1505.6 "became effective" on August 12, 2011). This court has held that the new law applies retroactively, *only* if the defendant had not yet filed a responsive pleading before August 12, 2011. *GreenPoint*, 2014 IL App (1st) 132864, ¶¶ 21-22. Since Taitt filed her answer two days before August 12, 2011, this law does not apply to these proceedings.

¶ 27    However, even if the new law applied, it would not help her. It provides:

"(a) In any residential foreclosure action, the deadline for filing a motion to dismiss the entire proceeding or to quash service of process that objects to the court's jurisdiction over the person, unless extended by the court for good cause shown, is 60 days after the earlier of these events: (i) the date that the moving party filed an appearance; or (ii) the date that the moving party participated in a hearing without filing an appearance.

(b) In any residential foreclosure action, if the objecting party files a responsive pleading or a motion (other than a motion for an extension of time to answer or otherwise appear) prior to the filing of a motion in compliance with subsection (a), that party waives all objections to the court's jurisdiction over the party's person." 735 ILCS 5/15-1505.6 (West 2016).

In the case at bar, Taitt "file[d] a responsive pleading," namely, an answer, without filing a motion to dismiss on the basis that the court lacked jurisdiction over her person and, thereby,

"waive[d] all objections to the court's jurisdiction over [her] person." See 735 ILCS 5/15-1505.6 (West 2016). Thus, the new law is of no avail to her.

¶ 28 Even if we found that her claim was not waived, we would still have to find that it lacked merit. Taitt claims that the trial court lacked personal jurisdiction over her because she did not receive a summons with a homeowner's notice attached. However, the appellate record contains an affidavit from a process server, dated July 6, 2011, averring that he served defendant Taitt on June 18, 2011, by leaving a copy of the summons and complaint at the subject property with her son, who appeared to be age 25. The attached summons stated that it included: "Important Information for Homeowners in Foreclosure. How to Save Your Property—Please read—Do not ignore." The summons included a "Notice to Homeonwers," that included information concerning "Free Help to Homeowners in Foreclosure." According to the server's affidavit, Taitt was served with the homeowner's notice almost two months prior to filing her own verified answer. Thus, her claim is not factually supported by the record.

¶ 29 In her reply brief, Taitt claims, among other things, that she filed her verified answer, even though she was not served with a summons with a homeowner's notice attached, because she lacked knowledge of the law. "*[P]ro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys." *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009). "[T]he fact that [a party] was not represented by counsel when he appeared before the circuit court and filed a responsive pleading does not affect his waiver of any objection to personal jurisdiction." *Pellico*, 394 Ill. App. 3d at 1067. Thus, we do not find this argument persuasive.

¶ 30    For the foregoing reasons, we find that the trial court had personal jurisdiction over Taitt.

¶ 31    As part of her personal jurisdiction claim, Taitt also asserts that Chase lacks standing, and she notes that she "stated the same" in her answer. In her verified answer, under "[o]ther affirmative matter," she alleged, "No assignment is attached to the Complaint." Taitt observes that the mortgage and note, attached to Chase's complaint, establish that First Home Mortgage is the lender. Taitt argues that Chase "is not the mortgagee as it claims to be."

¶ 32    "Once a plaintiff has filed a complaint, a defendant may raise the plaintiff's lack of standing as an affirmative defense." *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 24. "The defendant has the burden of pleading and *proving* the plaintiff's lack of standing." (Emphasis in original.) *Rosestone*, 2013 IL App (1st) 123422, ¶ 24. It is well established that "[a] mortgage assignee has standing to bring a foreclosure action. *Rosestone*, 2013 IL App (1st) 123422, ¶ 24; 735 ILCS 5/15-1208 (West 2010) (for purposes of mortgage foreclosure law, the word "mortgagee" is defined to include "any person claiming through a mortgagee as successor"). In the case at bar, the record contains an "Assignment of Mortgage," dated August 29, 2001, in which First Home Mortgage assigned the mortgage on the subject property to Chase. Thus, Taitt has not carried her burden of proving Chase's lack of standing to bring this mortgage foreclosure action.

¶ 33    Next, Taitt argues (1) that the trial court abused its discretion in allowing the judicial sale to proceed because the foreclosure is still pending in the trial court and (2) that Chase failed to notify her that the judicial sale was adjourned to July 9, 2018. "A court's decision to confirm or reject a judicial sale under the statute will not be disturbed absent an abuse of that discretion." *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). First, the foreclosure

is not still pending in the trial court. On January 23, 2017, the trial court granted summary judgment to Chase and entered a judgment of foreclosure. Taitt appears to confuse foreclosure with Chase's attempts to gain possession of the subject property. Second, the record establishes that Taitt had advance notice of the sale scheduled for July 9, 2018. On June 5, 2018, Taitt filed a motion to stay the sale that had been scheduled for June 7. On June 6, 2018, the trial court entered an order stating that "Defendant's motion is withdrawn as moot as judicial sale was continued to July 9, 2018." The June 6 order noted that "both parties appeared" in court. On June 9, 2018, Taitt filed another motion to stay foreclosure, which stated that "[a] foreclosure sale of the property is scheduled for July 9, 2018." Thus, the court order and Taitt's own motion establish that she had advance notice of the sale scheduled for July 9, 2018. As a result, we do not find these arguments persuasive.

¶ 34        Third, Taitt argues that the trial court abused its discretion by approving the judicial sale because Chase failed to provide notice as provided for in section 15-1508 of the Code. Section 15-1508(b-5) provided that, with respect to residential real estate, notice shall be given by first-class mail to the mortgagor at the address indicated on his or her appearance, if the mortgagor filed an appearance, or to the foreclosed property, if the mortgagor had not filed an appearance, and it must include a statement that the mortgagor has the right to remain in possession for 30 days after the entry of an order of possession. 735 ILCS 5/15-1508(b-5) (West 2010).

¶ 35        In the case at bar, the address provided by the mortgagor in her filed appearance and the address of the subject property are one and the same. The appellate record contains several notices of sale, with proof of mailing. The notices were (1) filed March 13, 2017, for sale on April 25, 2017; (2) filed May 18, 2017, for sale on June 16, 2017; (3) filed February

23, 2018, for sale on March 26, 2018; and (4) filed May 8, 2018, for sale on June 7, 2018. For each notice, there is a "Proof of Mailing Notice of Sale," that states that the notice was served by mailing to Taitt at her address at the subject property "by depositing the same in the U.S. mail *** with the proper postage prepaid." The proofs were signed by an "office clerk," named Jon-nel Allen, under penalty of perjury. Thus, we cannot find a violation of the notice provision.

¶ 36          Fourth, Taitt claims that the trial court granted summary judgment because of the default by defendant Jones. First, the default by defendant Jones was separate and apart from the summary judgment entered against Taitt. Second, to the extent that Taitt is attempting to raise claims on behalf of Jones, she is not permitted to raise Jones' claim. Only Jones or his attorney can do that. See, *e.g.*, *Applebaum v. Rush University Medical Center*, 231 Ill. 2d 429, 435 (2008) ("where a person who is not licensed to practice law in Illinois attempts to represent another party in legal proceedings," the "actions taken by that person" are regarded "as a nullity"); see also *In re M.W.*, 232 Ill. 2d 408, 427 (2009) (a party may object to personal jurisdiction or improper service of process only on behalf of himself or herself).

¶ 37          Also, as part of her fourth argument, Taitt claims that "no affidavits of amounts due to mortgagee have been verified." However, the appellate record does contain an "Affidavit of Amounts Due and Owing," by Mariam Davis, dated September 16, 2016, in which Davis avers that she is an "MB" documents specialist at Chase and is familiar with the records relating to this loan. In fact, Taitt attached this affidavit as Exhibit A to her own response, dated December 2, 2016, to Chase's motion for summary judgment. In her response, Taitt stated: "The plaintiff [Chase] has filed a motion for summary judgment and offered an affidavit in support of the motion for summary judgment. The affidavit is attached as Exhibit

A." In her response, Taitt argued that the affidavit attached only partial records in support, but Taitt did not argue that the amounts due and owing were incorrect. *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 49 ("When a party moving for summary judgment files supporting affidavits containing well-pleaded facts, and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted."). Thus, we do not find this argument persuasive.

¶ 38        Fifth, Taitt argues that Chase should not be allowed to succeed by "constant motions" requesting the same relief and that court orders should be final. Until the trial court enters a final judgment, its orders are considered interlocutory and may be changed upon reconsideration by the trial court. *Lake County Riverboat L.P. v. Illinois Gaming Board*, 313 Ill. App. 3d 943, 950 (2000) ("[a] trial judge may review, modify, or vacate an interlocutory order at any time before final judgment").

¶ 39        Sixth, Taitt asks this court to reverse the trial court's order requiring her to pay $800 per month because the summons was not attached to Chase's complaint, the court lacks personal jurisdiction, all the defendants were not properly served, and the mortgagors were not given notice. These arguments are a reworking of arguments that we already addressed above, and we do not find them persuasive for the reasons already set forth.

¶ 40        Seventh, Taitt argues that the trial court erred in granting Chase an order of foreclosure "against all parties who failed to appear and answer." As we already explained above, Taitt may not raise arguments on behalf of another party.

¶ 41                                    CONCLUSION

¶ 42        For the foregoing reasons, we do not find the arguments for reversal persuasive and, thus, must affirm. This court feels the pain for society as a whole when homeowners lose

- 14 -

their homes that they and their families have lived in for years; however, the law requires the judiciary to follow the law notwithstanding its consequences.

¶ 43    Affirmed.