THE VILLAGE OF HOFFMAN ESTATES, Plaintiff-Appellant, v. CINCINNATI INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division) No. 1—94—3841

Opinion filed September 25, 1996.

William C. Barasha, of Arlington Heights, for appellant.

David E. Neumeister, James K. Horstman, and Lloyd E. Williams, Jr., all of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Village of Hoffman Estates (hereinafter Village), appeals from an order of the circuit court of Cook County denying its motion for summary judgment under section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 1992)) against defendant, Cincinnati Insurance Company, and granting defendant's cross-motion for summary judgment against plaintiff. Jurisdiction is vested in this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons that follow, we affirm.

## FACTUAL BACKGROUND

Joe Marsala, a subcontractor and an employee of Prairie Materials, brought suit in the circuit court of Cook County against defendants, including the Village, Leopardo-Tektonic and many others, for the alleged personal injuries he sustained when he fell off a platform on the jobsite (hereinafter this suit is known as the *Marsala* complaint). Leopardo-Tektonic and the others are not a party to this appeal. The Village and Leopardo-Tektonic had entered into a construction contract. The Village was the owner of the construction project, and Leopardo-Tektonic was to act as the general contractor for the project. Leopardo-Tektonic's responsibilities would include supervising all the work, coordinating all the construction methods,

paying for all labor and materials and hiring a superintendent. In addition, Leopardo-Tektonic was to purchase and maintain liability insurance.

The Cincinnati Insurance Company (hereinafter Company) issued an insurance policy to Leopardo-Tektonic. The Company also issued a general change endorsement to the policy, which added the Village as an additional insured. The endorsement provides, in pertinent part:

> "The 'Persons Insured' provision is amended to include as an INSURED the person or organization named above but only with respect to liability incurred *solely as a result of some act or omission of the NAMED INSURED.*" (Emphasis added.)

The *Marsala* complaint alleged liability against both Leopardo-Tektonic and the Village. The Village requested that the Company defend the Village in this action, but the Company refused. Consequently, the Company filed a motion for summary judgment, which the trial court granted and the Village now appeals.

## ISSUE PRESENTED

On appeal, plaintiff argues that the circuit court erred in finding that defendant had no duty to defend plaintiff. Specifically, plaintiff contends that defendant's refusal to defend was based on a vague, ambiguous exclusionary provision contained in the endorsement.

## OPINION

■ On *de novo* review of an order granting summary judgment, a court of review must ascertain whether the trial court properly concluded there were no genuine issues of material fact and, if there were none, whether judgment for the movant was correct as a matter of law. *Federal Insurance Co. v. Economy Fire & Casualty Co.*, 189 Ill. App. 3d 732, 735, 545 N.E.2d 541 (1989). In the present case, we find the trial court's ruling was proper under this standard.

Plaintiff argues that potential coverage existed for the Village as an additional insured under Leopardo-Tektonic's insurance policy. Specifically, plaintiff contends that the endorsement was an ambiguous provision and can have more than one reasonable construction. We disagree.

■ We begin our analysis by noting that the general rule in Illinois is that a duty to defend exists where a complaint alleges a cause of action within or potentially within the coverage of an insured's policy with the underwriter. The corollary of this rule is that an insurer has no duty to defend if the alleged facts fail to bring the case within the policy's coverage. *Dorre v. Country Mutual Insurance Co.*, 48 Ill. App. 3d 880, 883, 363 N.E.2d 464 (1977). In constru-

ing an insurance policy, a court's primary function is to ascertain and enforce the intentions of the parties as expressed in the agreement. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992). The insured has the burden of proving that his loss falls within the terms of the policy. *St. Michael's Orthodox Catholic Church v. Preferred Risk Mutual Insurance Co.*, 146 Ill. App. 3d 107, 496 N.E.2d 1176 (1986).

The duty to defend a policy holder arises from the undertaking as stated in the policy. *Conway v. Country Casualty Insurance Co.*, 92 Ill. 2d 388, 442 N.E.2d 245 (1982). In determining if there is a duty to defend a particular lawsuit, the underlying complaint and the insurance policy will be liberally construed in favor of the insured, and all doubts and ambiguities will be resolved in favor of extending coverage to the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64, 578 N.E.2d 926 (1991). If the policy's words are plain and unambiguous, a court will afford them their plain, ordinary meaning and will apply them as written. *United States Fire Insurance Co. v. Schnackenberg*, 88 Ill. 2d 1, 429 N.E.2d 1203 (1981). However, a court will not search for ambiguity where there is none. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 620 N.E.2d 1073 (1993).

■ In the present case, we find that the endorsement is plain and unambiguous. The endorsement specifically states that the Village is covered only if its liability was predicated *solely* on the acts or omissions of Leopardo-Tektonic. The term "solely" implies exclusively or entirely. By the express terms of the endorsement, Leopardo-Tektonic's acts or omissions must be the *sole* ground for alleging liability against the Village for coverage to apply. After carefully reviewing the record, we note that the *Marsala* complaint alleged liability directly against both defendants, Leopardo-Tektonic *and* the Village. Each allegation in each count, be it for negligence or a violation of the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)), is jointly and severally directed against "the defendants, and each of them." We find that the *Marsala* complaint is not based *solely* on the acts of Leopardo-Tektonic. Rather, the liability was alleged against plaintiff directly. Thus, the explicit terms of the endorsement are not met, and plaintiff is not covered under Leopardo-Tektonic's insurance policy. Accordingly, we affirm the trial court's ruling in the granting of defendant's motion for summary judgment, as defendant has no duty to defend or indemnify the Village as to the *Marsala* complaint.

In light of the foregoing, we affirm the judgment of the trial court.

Affirmed.

CERDA and GALLAGHER[1] , JJ., concur.

---

[1]Justice Rizzi was on the original panel, but has retired. Justice Gallagher is now on this panel and has read the briefs and listened to the tapes from oral arguments.