RICARDA MULLER, Plaintiff-Appellant, v. FIREMEN'S FUND INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division)   No. 1—96—3139

Opinion filed June 27, 1997.—Rehearing denied August 14, 1997.

Joseph A. Terc, of Chicago, for appellant.

Stellato & Schwartz, Ltd., of Chicago (Esther Joy Schwartz, James Scott McMahan and Donald E. Stellato, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Ricarda Muller, filed a three-count complaint against her insurer, Firemen's Fund Insurance Company (Firemen's), alleging that Firemen's breached her automobile insurance contract (count I), that she was entitled to extracontractual relief based on Firemen's vexatious delay in responding to her claim (count II), and that she was entitled to arbitration of her claim (count III). The trial court directed a verdict in favor of Firemen's on count II and subsequently ruled on the merits of counts I and III in Firemen's favor. The trial court denied Muller's post-trial motion and this appeal followed. We reverse and remand.

On March 19, 1986, Muller was involved in a multivehicle accident while traveling west on Palatine Road near Wolf Road in Prospect Heights. Thirteen of the vehicles involved were listed in the police report. Muller claimed to have been knocked unconscious and, therefore, was unable to identify which vehicle or vehicles struck her car. Muller filed a personal injury action against the 13 drivers identified in the police report. However, all of the defendants in that action were granted summary judgment or dismissed due to Muller's inability to identify the vehicle that struck her.

Muller also filed a claim for uninsured motorist benefits under her insurance policy with Firemen's. The uninsured motorist section of Muller's policy provides in pertinent part:

"**Part C—Uninsured Motorists Coverage**

We will pay damages which a **covered person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of bodily injury:

1. Sustained by a **covered person**; and

2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**

\*\*\*

'**Covered person**' as used in this Part means:

1. You or any **family member.**

\*\*\*

'**Uninsured motor vehicle**' means a land motor vehicle or trailer of any type:

\* \* \*

3. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

a. you or any **family member;**
\*\*\* ”

Firemen's denied the claim since it determined that Muller could not prove that the accident involved an uninsured vehicle as defined under the policy. After her personal injury suit was dismissed, Muller filed a three-count complaint against Firemen's. Count I alleged that Firemen's breached the insurance contract by failing to provide Muller with uninsured motorist benefits; count II alleged Muller was entitled to damages under section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 1994)) based on Firemen's alleged unreasonable and vexatious delay in responding to her uninsured motorist claim; and count III requested that the trial court compel Firemen's to arbitrate Muller's uninsured motorist claim.

Firemen's denied all material allegations against it and asserted several affirmative defenses. Firemen's again argued that Muller was not entitled to uninsured motorist benefits because she was unable to provide any information about the vehicle or vehicles that allegedly caused her accident and claimed damages. Firemen's filed a motion for summary judgment, which the trial court denied. The trial court's determination was apparently based, at least in part, on the deposition testimony of Doo V. Kim, one of the 13 defendants involved in the accident. When asked how many cars were involved in the accident, Kim replied: "I really have no idea. There were so many cars involved in the accident, probably at least four or five cars ran away."

When Muller's action against Firemen's came up for trial, the parties agreed that, in lieu of live testimony, they would stipulate to the following evidence:

"1. Firemen's Fund Insurance Company ('FFIC') issued to RICARDA MULLER policy No. VZE 1071 65 47.

2. Policy No. VZE 1071 65 47 was in full force and effect on March 19, 1986.

3. A true, correct and complete copy of said policy is attached hereto as Exhibit 'A.'

4. On March 19, 1986 plaintiff was involved in an accident while driving her 1984 Oldsmobile Toronado westbound on Palatine Road near Wolf Road in Prospect Heights, Cook County, Illinois.

5. If plaintiff was called to testify in these proceedings, she would testify that she sustained injuries as a result of the aforesaid accident.

6. At said time and place, the vehicle being operated by plaintiff was struck by vehicle(s) that no one can identify before plaintiff's vehicle came into contact with any other vehicle or object.

7. Plaintiff is unable to identify what vehicle(s) came in contact with her vehicle in said accident, whether said vehicle(s) were

insured or not or whether said vehicle(s) left the scene after the accident.

8. No person is able to identify what vehicle(s) came in contact with plaintiff's vehicle in said accident, whether said vehicle(s) were insured or not or whether said vehicle(s) left the scene after the accident.

9. FFIC is unable to identify what vehicle(s) came in contact with plaintiff's vehicle in said accident, whether said vehicle(s) were insured or not or whether said vehicle(s) left the scene after the accident.

10. Plaintiff is unable to identify what vehicle(s) at the scene of said accident caused her alleged bodily injuries.

11. No person is able to identify what vehicle(s) at the scene of said accident caused plaintiff's alleged bodily injuries.

12. FFIC is unable to identify what vehicle(s) at the scene of said accident caused plaintiff's alleged bodily injuries.

13. Plaintiff is unable to identify what vehicle(s) which left the scene of the accident caused her alleged bodily injuries.

14. No person is able to identify what vehicle(s) which left the scene of the accident caused plaintiff's alleged bodily injuries.

15. FFIC is unable to identify what vehicle(s) which left the scene of the accident caused plaintiff's alleged bodily injuries.

16. That the parties agree that the issues of proximate cause, injury and damages are not being raised in this trial proceeding and will be arbitrated between the parties, as necessary, depending on this Court's finding of uninsured motorist coverage."

The stipulations and the Firemen's policy comprised the only evidence submitted by the parties. At the close of Muller's case in chief, which basically consisted of Muller's counsel discussing the complaint and the stipulations and answering questions from the trial judge, Firemen's moved for a directed verdict on all counts. The trial court entered a directed verdict in Firemen's favor only as to count II. Muller does not appeal this ruling.

Immediately thereafter, counsel for Firemen's addressed the court as follows:

"Your honor, again, because this is a trial proceeding and the directed verdict was denied, we're asking the Court to now consider and weigh the evidence and determine if plaintiff has established by a preponderance of the evidence more probable than not that he was hit by a vehicle that fled the scene or ran *** away from the scene, because apparently that is—the sum focus in this case is on that aspect of our definition."

After a lengthy discussion among counsel for both parties and the trial judge regarding the meaning of the policy terms "hit and run"

and "cannot be identified," but with no further evidence submitted, the trial judge found as follows:

"I am now bound by what is contained in those stipulations and whatever reasonable inferences that I could draw from them.

\*\*\*

I'm going to enter judgment against the plaintiff in favor of the defendant because I do not find that the stipulated facts that have been agreed to here establish coverage. They simply do not tell me really anything. So I can't enter judgment in favor of the plaintiff."

The trial court entered judgment in favor of Firemen's and against Muller on count I. The trial court further ruled that Firemen's could not be compelled to arbitrate the claim as requested and entered judgment in favor of Firemen's on count III. Thereafter, the trial court denied Muller's post-trial motion to vacate or, alternatively, for a new trial. Muller filed a timely appeal from both the judgment and the denial of her post-trial motion.

■ This case presents a rather unique situation since the parties presented no evidence at trial other than their stipulations and the insurance contract in issue. Generally, we will not disturb the judgment of a trial court unless that judgment is manifestly against the weight of the evidence. *Schulenburg v. Signatrol, Inc.*, 37 Ill. 2d 352, 356, 226 N.E.2d 624 (1967). The reason for such a deferential standard of review is a recognition that the trial judge as the trier of fact has an opportunity to observe the demeanor of the witnesses as they testify and, therefore, occupies a far superior position to determine their credibility and the weight to be given to their testimony. *Schulenburg*, 37 Ill. 2d at 356. However, when, as in this case, the evidence before the trial court consists solely of documentary evidence, the rationale underlying a deferential standard of review is inapplicable, and a reviewing court will make an independent decision on the facts. *In re Estate of Hook*, 207 Ill. App. 3d 1015, 1028, 566 N.E.2d 759 (1991).

■ Illinois courts have consistently held that the claimant under an insurance policy has the burden of proving that she comes within the terms of coverage. *Watkins v. American Service Insurance Co.*, 260 Ill. App. 3d 1054, 1061, 631 N.E.2d 1349 (1994); *Gibson v. State Farm Mutual Automobile Insurance Co.*, 125 Ill. App. 3d 142, 148, 465 N.E.2d 689 (1984). Thus, Muller bore the burden of establishing by a preponderance of the evidence that her car was struck by a "hit and run vehicle whose operator or owner cannot be identified."

■ Muller alleges that the stipulations negated any need for her to present further evidence and that the trial court was given suf-

ficient facts to determine that coverage existed in this case. She argues that the trial court's denial of Firemen's motion for a directed finding as to counts I and III implicitly established that she presented a *prima facie* case of coverage. According to Muller, the fact that Firemen's failed to present any evidence to rebut this presumption of coverage meant that there was no contrary evidence on which the trial court could conclude that judgment should be entered against her. Therefore, Muller contends that her evidence became conclusive and she should have prevailed.

Firemen's argues in its brief that Muller "could not (and never can) satisfy her prima facie case by identifying the vehicle which struck her, or the operator of that vehicle." However, we conclude that such a requirement is unnecessary and, moreover, is contrary to the language of Firemen's policy, which defines an uninsured motor vehicle as a "hit and run vehicle *whose operator or owner cannot be identified.*" (Emphasis added.)

Without question, the stipulations entered into between the parties establish that Muller's vehicle was struck by another vehicle and that the owner and operator of that vehicle cannot be identified. The only factual question remaining is whether, under the circumstances of this case, the vehicle that struck Muller can be termed a "hit and run" vehicle.

■ Section 143a of the Illinois Insurance Code requires that all automobile insurance policies provide coverage for the protection of persons insured thereunder who are entitled to recover damages for bodily injury from the owners or operators of hit-and-run motor vehicles. 215 ILCS 5/143a (West 1994). Muller's policy with Firemen's provides such coverage, the relevant portions of which are quoted above. Significantly, however, neither the statute nor Firemen's policy defines the phrase "hit and run."

■ Absent statutory definition, the words and phrases used in a statute will be given their plain and ordinary meanings. *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 531-32, 634 N.E.2d 1093 (1994). The same rule of construction is applicable to undefined terms in insurance policies. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108, 607 N.E.2d 1204 (1992). In ascertaining the plain and ordinary meaning of words, courts often consult dictionaries. *People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill. 2d 1, 15, 585 N.E.2d 51 (1991).

■ Black's Law Dictionary defines "hit-and-run accident" as a "[c]ollision generally between motor vehicle and pedestrian or with another vehicle in which the operator of vehicle leaves scene without identifying himself." Black's Law Dictionary 730 (6th ed. 1990). Web-

ster's Third New International Dictionary defines "hit and run" as "leaving the scene of an accident without stopping to render assistance or to comply with legal requirements." Webster's Third New International Dictionary 1074 (1986). We believe that the stipulations entered into between the parties to this case bring Muller's accident within either of these commonly accepted definitions of "hit and run."

■ Section 11—403 of the Illinois Vehicle Code mandates that the driver of any vehicle involved in a motor vehicle accident resulting in injury, death, or property damage shall give his or her name, address, registration number, and the name of the owner of the vehicle to the person struck. 625 ILCS 5/11—403 (West 1994). The purpose of this statute is to inform those who have been injured or damaged by another driver of that driver's identity. *People v. Kerger*, 191 Ill. App. 3d 405, 409, 548 N.E.2d 36 (1989). In this case, the parties have stipulated that neither Muller, Firemen's, nor any other person is able to identify the vehicle that struck Muller. Consequently, we can conceive of no reasonable inference to be drawn from such a stipulation other than that the driver of the vehicle that struck Muller failed to comply with the requirements of section 11—403 of the Illinois Vehicle Code and, as such, the occurrence falls within the commonly accepted definition of a "hit and run."

Our reasoning is consistent with *Walsh v. State Farm Mutual Automobile Insurance Co.*, 91 Ill. App. 2d 156, 234 N.E.2d 394 (1968). In *Walsh*, the plaintiff's insurance policy defined a "hit and run" automobile as one where "there cannot be ascertained the identity of either the operator or the owner of such 'hit-and-run automobile.' " 91 Ill. App. 2d at 162. The plaintiff was struck from behind by another vehicle while she waited for a traffic light. She became afraid to exit her vehicle when she saw that the male driver was slumped over the wheel and making faces at her. The driver followed erratically behind her for awhile and then swerved around her car and proceeded on. At that point, the plaintiff was able to identify the car as a red Rambler station wagon. The reviewing court affirmed the trial court's finding of coverage, concluding that the phrase "cannot be ascertained" in her policy included, not only situations where the driver had fled the scene, but also where the identity of the driver could not be discovered because the insured reasonably feared a risk of her own physical safety. *Walsh*, 91 Ill. App. 2d at 163.

■ Firemen's contends that the "key" distinguishing factor in *Walsh* was that the plaintiff described the driver, specified the type of vehicle that struck her, and determined that the vehicle left the scene. However, a close reading of the case reveals that the court's

holding was based on its determination that the term "cannot be ascertained" included those situations in which the behavior of the insured, *i.e.,* her fear in exiting the vehicle, was in part responsible for the lack of identification of the offending vehicle. *Walsh,* 91 Ill. App. 2d at 163. Here, Muller was allegedly rendered unconscious and was, therefore, unable to specify which of the many vehicles involved in the accident had hit her. While it is true that the plaintiff in *Walsh* was able to identify the make of the vehicle that hit her, we find this to be a distinction without a difference. We see no reason why an insurance company would accept this fleeting identification as sufficient to allow coverage for a "hit-and-run" driver and would reject an insured's statement that she was hit by another car but was rendered unconscious and incapable of providing any details of the vehicle or vehicles that struck her.

For the reasons stated above, we believe that the stipulations of the parties together with the terms of Muller's policy with Firemen's establish that Muller was involved in an accident with a "hit and run vehicle whose operator or owner cannot be identified," thus bringing her claim within the uninsured motorist coverage afforded under her policy. Consequently, we reverse the judgment entered in favor of Firemen's on counts I and III of Muller's complaint and remand this case to the circuit court with instructions to order the parties to arbitrate the claim in accordance with the terms of the subject policy of insurance.

Reversed and remanded with directions.

HOURIHANE and SOUTH, JJ., concur.